THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE A. ALLEN, Defendant-Appellant.

(No. 73-224;

—May 29, 1974.

T. MORAN, J., dissenting.

Frank V. Ariano, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant pleaded guilty to each of three charges of burglary and was sentenced by the Circuit Court of Kane County to a term of not less than 3 nor more than 10 years in the penitentiary on each charge, to be served concurrently.

Defendant's plea for post-conviction relief was denied and he prosecutes this appeal. Frank V. Ariano was appointed defendant's attorney for the purposes of this appeal and the attorney has filed his motion to withdraw as defendant's counsel for the reason that the appeal is without merit. In conformity with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, copies of the attorney's motion to withdraw, together with his brief, were served on the defendant August 21, 1973, and the case was continued to October 2, 1973, for defendant to file additional pleas or objections to the motion of counsel to withdraw. Defendant failed to respond to this notice in any way.

Counsel's brief filed with his motion to withdraw, as required by *Anders*, sets forth three points which counsel felt could conveivably be argued on appeal, even though he considers them to be without merit, and we will consider these points in the light of the record in this case. ■■ The brief filed by counsel suggests first that "an argument could conceivably be made" based on the record on appeal, that there was no factual basis for the plea of guilty. From a thorough and careful reading of the record, however, it is apparent that this contention has no factual basis. The record clearly shows that the defendant was found in possession of stolen property within a few hours after the burglaries in question and that defendant admitted the burglaries to the police. There thus was a clear, factual basis for the plea of guilty.

■■ Secondly, it is suggested by defendant's counsel that it might conceivably be argued that since the defendant admitted being addicted to heroin and to having slight withdrawal symptoms sometime during his period of confinement in the county jail prior to sentencing that possibly

the voluntariness of his plea might be in question. But, there is no suggestion in the record that the defendant's will was overborne in any way, as is required to render a plea of guilty involuntary by use of drugs, *Reck v. Pate* (1961), 367 U.S. 433, 6 L. Ed. 2d 948, 81 S. Ct. 1541.

The record here refuted such a suggestion in the following colloquy between the defendant and his accomplice and the court:

"MR. MORELLI [defense counsel]: Your Honor, both men are veterans of the United States Armed Forces. Both served in Viet Nam, and both unfortunately picked up a narcotic habit while in Viet Nam.

THE COURT: Hard narcotics?

MR. MORELLI: Yes.

THE COURT: Heroin?

MR. MORELLI: Yes. However, they have been in the Kane County Jail for about two weeks now and I don't believe they are under the influence of any drugs at this time, is this correct?

MR. OSMAN [another defendant]: Correct.

MR. ALLEN: Correct.

THE COURT: Have you had any withdrawal problems while you have been in jail?

MR. OSMAN: I have, your Honor, slight physical withdrawals.

THE COURT: I see. How about you?

MR. ALLEN: The same trouble.

THE COURT: Are you feeling generally physically good, is that right?

MR. OSMAN: Yes, sir.

THE COURT: The same for you?

MR. ALLEN: Yes."

We feel that the fact that the defendant had been in the county jail for 2 weeks prior to his hearing and admitted to slight withdrawal symptoms during that time is not sufficient to suggest the involuntariness of his plea due to the effect of drugs, especially since he answered in the affirmative to the count's inquiry as to whether he was now feeling generally physically good. This is all the evidence in the record regarding the possible effect of drugs on the plea of guilty and it is far from sufficient to establish that the defendant's will was overborne.

Lastly, it is suggested in the brief that it might be conceivably argued that the court was prejudiced by its knowledge of defendant's narcotic habit, because of the court's emphasis on the drug habit in the sentencing admonition. We find this suggestion entirely without foundation. The words used by the court in this admonition show sympathy with, rather than hostility toward, the defendant.

We find further from the total record that the defendant was properly admonished as to his waiver of indictment and his plea of guilty; that Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) was substantially complied with in all areas, and that defendant was competently represented by counsel at all critical points prior to his conviction.

We find no error meriting a reversal of defendant's conviction.

■■ Accordingly, the motion of counsel to withdraw is granted and the judgment of the trial court is affirmed.

Motion to withdraw allowed, judgment affirmed.

GUILD, J., concurs.

Mr. JUSTICE THOMAS J. MORAN, dissenting:

I respectfully dissent from the majority view for, in my opinion, the trial court failed to explain the nature of the charge and made no inquiry as to the voluntariness of the plea.